Javier H. Castillo, Esq., SBN 219587
Castillo Law Firm
145 E. Rowland Street, Suite A
Covina, CA 91723
Telephone: (626) 331-2327
Facsimile: (888) 229-0087
E-mail: JHCECF@gmail.com

Attorneys for Debtors, KEVAN GREEN
and DINA GREEN

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>KEVAN GREEN<br><br>and<br><br>DINA GREEN,<br><br>    Debtors. | Case No: 6:16-bk-10251-SY<br><br>Chapter 7<br><br>**DEBTOR'S OPPOSITION TO SALE OF REAL PROPERTY; REQUEST FOR CONTINUANCE TO ASCERTAIN ALL CLAIMS**<br><br>DATE: 10/05/2017<br>TIME: 9:30 A.M.<br>DEPT: 302<br><br>(Before The Hon. Scott H. Yun) |

**TO: THE HONORABLE JUDGE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CHAPTER 7 TRUSTEE, STEVEN SPEIER; AND ALL OTHER INTERESTED PARTIES:**

Come now, Debtors, KEVAN GREEN and DINA GREEN, and hereby submit this response and opposition to the Chapter 7 Trustee's Motion to Sell Real Property (10899 Breckenridge Drive, San Diego, CA 92131) [Docket # 191].

### I. OPPOSITION TO SALE OF REAL PROPERTY

### A. STATEMENT OF FACTS

Debtors KEVAN GREEN and DINA GREEN ("Debtors") filed this case on or about January 12, 2016, initially as a Chapter 11 case, but the case was converted to Chapter 7 on December 21, 2016.

Joint Debtor DINA GREEN, suffers from a rare disease known as Dercum's Disease, which affects the victim physically and mentally, causing [at times] excruciating pain which limits physical mobility and also affecting the brain functions and cognitive abilities. Throughout the case, Debtors have been unavailable [at times] to attend hearings and/or attend to bankruptcy business because of Dina's illness. As the Court can imagine, Dina's health also has a toll on her husband, Kevan, who has been rendered the sole breadwinner and caretaker of his ill wife. Thus, at no time have Debtors willfully refused to not attend a hearing/meeting with the Chapter 7 Trustee, but have missed some meetings because of Dina's ongoing health issues.

On 08/07/2017, the Chapter 7 Trustee filed a motion for turnover of estate property/funds, which was set for hearing on 08/31/2017. Debtors did not oppose the motion because they were not opposed to the relief requested and have since then made all efforts to comply with the Court's order of 09/06/2017. The DIP Accounts were closed on 09/22/2017; they would have been closed sooner, but Debtors had to maintain the accounts open to allow for some checks to clear.

On or about 09/25/2017, Debtors mailed the Chapter 7 Trustee two (2) cashier's checks in the amounts of $17,165.92 [from the Breckenridge account] and another in the amount of $8,017.19 from the Bristol account; totaling $25,183.11. Prior to this, on or about March 30, 2017, the Trustee [per his request to Wells Fargo] received funds in the DIP accounts in the amounts of $11,140.47 [Bristol], $14,687.23 [Breckenridge] and $52.77 [general account]. Debtors did not close the DIP accounts in March when the bank turned over funds to the chapter 7 trustee, erroneously believing that the Trustee would be taking over the accounts. However, since the accounts remained open and certain rent payments were made, Debtors continued to use the accounts until the date of closure to pay certain debts of the estate, not for personal use.

On 09/11/2017, the Chapter 7 Trustee filed the instant motion for sale of the real property located at 10988 Breckenridge Drive, San Diego, CA 92131 ("Breckenridge").

**II.    REQUEST FOR CONTINUANCE OF MOTION**

Debtors respectfully request that the Court continue the hearing on Trustee's motion to sell the Breckenridge property until all claims to the bankruptcy estate have been established.

Apparently, there were certain creditors erroneously left off the court's mailing list and Debtors wish to ascertain the entirety of all claims.  Debtors believe that what the Trustee is now holding in cash may be sufficient to pay all of the valid claims.  Additionally, if necessary, Debtors may be able to obtain a loan from a family member to pay the remaining debts [beyond what the Trustee has in cash], so as to save the Breckenridge property from being sold.

                                      Respectfully Submitted,

Dated: September 28, 2017                          __/s/ Javier H. Castillo_____
                                                           Javier H. Castillo, Esq.
                                                           Attorney for Debtors

## DECLARATION OF KEVAN GREEN

I, Kevan Green, declare that:

1. I have personal knowledge of the facts as set forth below and if called upon to testify, I could and would testify thereto;

2. My wife and I filed this case on or about January 12, 2016, initially as a Chapter 11 case, but the case was converted to Chapter 7 on December 21, 2016.

3. My wife DINA GREEN, suffers from a rare disease known as Dercum's Disease, which affects the victim physically and mentally, causing [at times] excruciating pain which limits physical mobility and also affecting the brain functions and cognitive abilities. Throughout the case, we have been unavailable [at times] to attend hearings and/or attend to bankruptcy business because of Dina's illness. As the Court can imagine, Dina's health also has a toll on me because I have been rendered the sole breadwinner and caretaker of my ill wife. Thus, at no time have we willfully refused to attend a hearing/meeting with the Chapter 7 Trustee, but have missed some meetings because of Dina's ongoing health issues. Attached hereto as **Exhibit 1** and by this reference incorporated herein is a true and correct copy of our letter to the Chapter 7 Trustee, dated 07/24/2017, explaining Dina's disease and associated illnesses.

4. On 08/07/2017, the Chapter 7 Trustee filed a motion for turnover of estate property/funds, which was set for hearing on 08/31/2017. We did not oppose the motion because we did not oppose the relief requested and have since then made all efforts to comply with the Court's order of 09/06/2017. The DIP Accounts were closed on 09/22/2017; they would have been closed sooner, but I had to maintain the accounts open to allow for some checks to clear [for expenses on the rental properties].

5. On or about 09/25/2017, I mailed the Chapter 7 Trustee two (2) cashier's checks in the amounts of $17,165.92 [from the Breckenridge account] and another in the amount of $8,017.19 from the Bristol account; totaling $25,183.11. Attached hereto collectively as **Exhibit 2** and by this reference incorporated herein are true and correct copies of the cashier's check sent to the trustee.

6. Prior to this, on or about March 30, 2017, the Trustee [per his request to Wells Fargo] received funds in the DIP accounts in the amounts of $11,140.47 [Bristol], $14,687.23 [Breckenridge] and $52.77 [general account]. Attached hereto collectively as **Exhibit 3**

and by this reference incorporated herein are true and correct copies of the Bristol and Breckenridge statements showing the amounts provided to the Chapter 7 Trustee.

7. I did not close the DIP accounts in March when the bank turned over funds to the chapter 7 trustee, erroneously believing that the Trustee would be taking over the accounts. However, since the accounts remained open and certain rent payments were made, I continued to use the accounts until the date of closure to pay certain debts of the estate, not for personal use. The accounts were closed after the last checks cleared on 09/25/2017. Attached hereto as **Exhibit 4** and by this reference incorporated herein are true and correct copies of the Bristol and Breckenridge final account history from the closed DIP accounts. I will provide the Chapter 7 Trustee a separate accounting for the remaining amounts listed in the Court's order of 09/06/2017.

8. On 09/11/2017, the Chapter 7 Trustee filed the instant motion for sale of the real property located at 10988 Breckenridge Drive, San Diego, CA 92131 ("Breckenridge").

9. I respectfully request that the Court continue the hearing on Trustee's motion to sell the Breckenridge property until all claims to the bankruptcy estate have been established. I understand there were certain creditors erroneously left off the court's mailing list and I wish to ascertain the entirety of all claims. I believe that what the Trustee is now holding in cash may be sufficient to pay all of the valid claims. If need be I may be able to obtain a loan from a family member to pay the remaining debts [beyond what the Trustee has in cash], so as to save the Breckenridge property from being sold.

10. I declare under penalty of perjury under The Laws of The United States of America that the foregoing is true and correct.

Dated: September 28, 2017                         /s/ Kevan Green
                                                  Kevan Green, Declarant

## DECLARATION OF DINA GREEN

I, Dina Green, declare that:

1. I have personal knowledge of the facts as set forth below and if called upon to testify, I could and would testify thereto;

2. My husband and I filed this case on or about January 12, 2016, initially as a Chapter 11 case, but the case was converted to Chapter 7 on December 21, 2016.

3. I suffer from a rare disease known as Dercum's Disease, which affects the victim physically and mentally, causing [at times] excruciating pain which limits physical mobility and also affecting the brain functions and cognitive abilities. Throughout the case, we have been unavailable [at times] to attend hearings and/or attend to bankruptcy business because of Dina's illness. As the Court can imagine, my health also has put a toll on my husband because he has been rendered the sole breadwinner and caretaker of me. Thus, at no time have we willfully refused to attend a hearing/meeting with the Chapter 7 Trustee, but have missed some meetings because of my ongoing health issues. Attached hereto as **Exhibit 1** and by this reference incorporated herein is a true and correct copy of our letter to the Chapter 7 Trustee, dated 07/24/2017, explaining my disease and associated illnesses.

4. On 08/07/2017, the Chapter 7 Trustee filed a motion for turnover of estate property/funds, which was set for hearing on 08/31/2017. We did not oppose the motion because we did not oppose the relief requested and have since then made all efforts to comply with the Court's order of 09/06/2017. The DIP Accounts were closed on 09/22/2017; they would have been closed sooner, but I had to maintain the accounts open to allow for some checks to clear [for expenses on the rental properties].

5. On or about 09/25/2017, I mailed the Chapter 7 Trustee two (2) cashier's checks in the amounts of $17,165.92 [from the Breckenridge account] and another in the amount of $8,017.19 from the Bristol account; totaling $25,183.11. Attached hereto collectively as **Exhibit 2** and by this reference incorporated herein are true and correct copies of the cashier's check sent to the trustee.

6. Prior to this, on or about March 30, 2017, the Trustee [per his request to Wells Fargo] received funds in the DIP accounts in the amounts of $11,140.47 [Bristol], $14,687.23 [Breckenridge] and $52.77 [general account]. Attached hereto collectively as **Exhibit 3**

and by this reference incorporated herein are true and correct copies of the Bristol and Breckenridge statements showing the amounts provided to the Chapter 7 Trustee.

7. I did not close the DIP accounts in March when the bank turned over funds to the chapter 7 trustee, erroneously believing that the Trustee would be taking over the accounts. However, since the accounts remained open and certain rent payments were made, I continued to use the accounts until the date of closure to pay certain debts of the estate, not for personal use. The accounts were closed after the last checks cleared on 09/25/2017. Attached hereto as **Exhibit 4** and by this reference incorporated herein are true and correct copies of the Bristol and Breckenridge final account history from the closed DIP accounts. I will provide the Chapter 7 Trustee a separate accounting for the remaining amounts listed in the Court's order of 09/06/2017.

8. On 09/11/2017, the Chapter 7 Trustee filed the instant motion for sale of the real property located at 10988 Breckenridge Drive, San Diego, CA 92131 ("Breckenridge").

9. I respectfully request that the Court continue the hearing on Trustee's motion to sell the Breckenridge property until all claims to the bankruptcy estate have been established. I understand there were certain creditors erroneously left off the court's mailing list and I wish to ascertain the entirety of all claims. I believe that what the Trustee is now holding in cash may be sufficient to pay all of the valid claims. If need be I may be able to obtain a loan from a family member to pay the remaining debts [beyond what the Trustee has in cash], so as to save the Breckenridge property from being sold.

I declare under penalty of perjury under The Laws of The United States of America that the foregoing is true and correct.

Dated: September 28, 2017               __/s/ Dina Green_____
                                        Dina Green, Declarant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 145 E. Rowland Street, Suite A, Covina, CA 91723

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO SALE OF REAL PROPERTY; REQUEST FOR CONTINUANCE TO ASCERTAIN ALL CLAIMS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/28/17, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (ustpregion16.rs.ecf@usdoj.gov; Michael.j.bujold@usdoj.gov; mohammad.v.tehrani@usdoj.gov)
Steven M. Speier (TR) (lmorvant@glassratner.com)
bankruptcy@zbslaw.com; ch11ecf@aldridgepite.com; bankruptcy@zievelaw.com;

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 9/28/17, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Scott H. Yun
U.S. Bankruptcy Court
3420 12th Street, Suite 345
Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/28/17 | Javier H. Castillo | /s/ Javier H. Castillo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Capital One Bank
PO Box 71083
Charlotte, NC 28272

Capital One Bank
Attn: Richard Fairbank, CEO
1680 Capital One Drive
McLean, VA 22102

Capital One Bank (USA), N.A.
By American Infosource LP
As agent
PO Box 71083
Charlotte, NC 28272

Capital One Bank (USA), N.A.
American Infosource LP
Attn: Blake Hogan, Pres.
5847 San Felipe St
Houston, TX 77057

Real Time Resolutions, Inc.
1349 Empire Central Drive, Suite 1
Dallas, TX 74247

American Express Bank, FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355

IRS
PO Box 7346
Philadelphia, PA 19101

The Bank of New York Mellon
c/o Shellpoint Mortgage Servicing
PO Box 10826
Greenville, SC 29603

Wells Fargo Home Mortgage
PO Box 14411
Des Moines, IA 50306

Wells Fargo Bank, N.A.
Attn: Bankruptcy Dept.
MAC# D3347-014
3476 Stateview Blvd.
Fort Mill, SC 29715

Wells Fargo Bank, N.A.
Home Equity Group
1 Home Campus X2303-01A
Des Moines, IA 50328

Franchise Tax Board
Bk Section MS A-340
PO Box 2952
Sacramento, CA 95812

Midland Credit Management, Inc.
As agent for Asset Acceptance LLC
PO Box 2036
Warren, MI 48090

Employment Development Dept.
Bk Group MIC 92E
PO Box 826880
Sacramento, CA 94280

Securities & Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, CA 90071

The Bank of NY Mellon
Law Offices of Les Zieve
30 Corporate Park, Suite 450
Irvine, CA 92606

The Bank of NY Mellon

Ditech Financial, LLC
Fka Green Tree Servicing, LLC
PO Box 6154
Rapid City, SD 57709

**Creditors Left Off of Court's Mailing List:**

Amcol Systems
111 Lancewood Rd
Columbia, SC 29210

Chase Card
PO Box 15298
Wilmington, DE 19850

CMRE Financial Services
34075 E. Imperial Hwy, #200
Brea, CA 92821

Greater California Services
2985 Theater Drive, Suite 6
Paso Robles, CA 93447

Macy's
9111 Duke Blvd.
Mason, OH 45040

Midland Funding, LLC
Coll. For Chase Bank
8875 Aero Drive, Suite 200
San Diego, CA 92123

Portfolio Recovery Associates
120 Corporate Blvd.
Norfolk, VA 23502

Wells Fargo
Attn: Credit Card Services
PO Box 29704
Phoenix, AZ 85038